# EXHIBIT A



# Morrow & Artim, P.C.
### ATTORNEYS AT LAW

Clayton S. Morrow, Esq.
Clay@PaCreditCardLaw.com

Direct Dial: 412-209-0656
Direct Fax: 412-386-3184

March 25, 2014

<u>VIA US MAIL CERTIFIED</u>

Equifax Information Services LLC
1550 Peachtree Street, NW
Atlanta, GA 30309

Equifax Information Services LLC
c/o Kent E. Mast
1550 Peachtree Street, NW
Atlanta, GA 30309

Re:   Deborah A. Miller v Equifax Information Services LLC, et al.
      Case No.   GD14-005120

Dear Sir or Madam:

    Enclosed please find a true and correct copy of the complaint filed in the Court of Common Pleas of Allegheny County Pennsylvania.

    Awaiting your response via mail, email or telephone.

Sincerely,

Clayton S. Morrow, Esquire

CSM/os
Encls.

---

*Please direct all correspondence to:*
304 Ross Street, 7th Floor
Pittsburgh, PA 15219

*Other Office:*
1751 Lincoln Highway North Versailles, PA 15137
Phone: 412-823-8003

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA
CIVIL ACTION - LAW

| | |
|---|---|
| Deborah A. Miller,<br>     Plaintiff, | Case No: GD14-005120 |
| v. | **Complaint in Civil Action** |
| Equifax Information Services LLC,<br>Experian Information Solutions, Inc.,<br>Trans Union LLC; and<br>GE Capital Retail Bank,<br>     Defendants. | |

Filed on behalf of:
Deborah A. Miller, Plaintiff

Counsel of Record:
Clayton S. Morrow, Esquire
PA I.D. #53521

**MORROW & ARTIM, PC**
304 Ross Street, 7th Floor
Pittsburgh, PA  15219-2124
(412) 281-1250
Direct Line: (412) 209-0656
clay@PaCreditCardLaw.com

Pro hac vice admission to be sought:

**GOOLSBY LAW OFFICE, LLC**
John H. Goolsby, Esquire
Minnesota Bar Number 0320201
2701 University Ave SE, Suite 209
Minneapolis, MN 55414
Phone (612) 331-8700
jgoolsby@goolsbylawoffice.com

<u>Jury Demanded upon appeal or removal.</u>

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY,
PENNSYLVANIA
CIVIL ACTION - LAW

Deborah A. Miller,
    Plaintiff,

Case No: GD14-005120

v.

Equifax Information Services LLC,
Experian Information Solutions, Inc.,
Trans Union LLC; and
GE Capital Retail Bank,
    Defendants.

### *NOTICE TO DEFEND*

    YOU HAVE BEEN SUED IN COURT. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objection to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the Plaintiff. You may lose money or property or other rights important to you.

    **YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.**

    **IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.**

**Lawyer Referral Service
Allegheny County Bar Association
11th Floor Koppers Building
436 Seventh Avenue
Pittsburgh, PA 15219
Telephone: (412) 261-5555**

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA
CIVIL ACTION - LAW

Deborah A. Miller,
    Plaintiff,

Case No: GD14-005120

v.

Equifax Information Services LLC,
Experian Information Solutions, Inc.,
Trans Union LLC; and
GE Capital Retail Bank,
    Defendants.

## COMPLAINT IN CIVIL ACTION

Plaintiff, Deborah A. Miller, brings this action with regards to the Defendants' credit reporting practices which she alleges violates certain laws and statutes, and to recover damages by reason of Defendants' violation of certain laws and statutes, and alleges:

## PRELIMINARY STATEMENT

1. This action for damages is based on Defendants' false reporting on Plaintiff's credit reports and failures to follow reasonable procedures and failures to conduct reasonable investigations with respect to such information.

## PARTIES

2. Plaintiff Deborah A. Miller is a natural person who resides in the city of Grove City, County of Mercer, State of Pennsylvania, and is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c) and 15 U.S.C. § 1692a(3).

3

3. Defendant Equifax Information Services, LLC ("Equifax") is a credit bureau doing business in Pennsylvania and is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f). Equifax's business address is 1550 Peachtree Street, NW, Atlanta, GA 30309 and the registered agent is Kent E. Mast, 1550 Peachtree Street, NW, Atlanta, GA 30309.

4. Defendant Experian Information Solutions, Inc. ("Experian") is a credit bureau doing business in Pennsylvania and is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f). Experian business is located at 505 City Parkway West, 4th Floor, Orange, CA 92868 and the registered agent is CT Corporation, 1300 East 9th Street, Cleveland, OH 44114 and Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808.

5. Defendant Trans Union LLC ("Trans Union") is a credit bureau doing business in Pennsylvania and is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f). Trans Union is located at 555 West Adams Street, Chicago, IL 60661 and is a Delaware limited liability company with a registered agent listed as The Prentice-Hall Corporation System, Inc., 2711 Centerville Road, Suite 400, Wilmington, DE 19808.

6. Defendant GE Capital Retail Bank does business in Pennsylvania and is a "furnisher" as that term is used in 15 U.S.C. § 1681s-2. The address for service pursuant to the Federal Deposit Insurance Corporation is 170 West Election Road, Suite 125, Draper, UT 84020.

## JURISDICTION AND VENUE

7. Venue is proper in Allegheny County, Pennsylvania pursuant to Pa R.C.P. 2179(a)(2) and/or (a)(3). This case arises under the Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681x.

8. Venue is proper in this Court because a substantial part of the claim arose in Pennsylvania.

## FACTUAL ALLEGATIONS

9. Defendants confused Plaintiff with another person named Deborah (or Debra) Miller.

10. Defendants Equifax, Experian, and Trans Union included an individual GECRB account belonging to the other Ms. Miller in Plaintiff's credit reports.

11. The inclusion of the GECRB account in Plaintiff's credit reports was inaccurate.

12. The GECRB account was included in the other Ms. Miller's bankruptcy.

13. Equifax was on notice that the GECRB account had been "included in bankruptcy."

14. Equifax knew that Plaintiff had not filed bankruptcy.

15. Nevertheless, Equifax included the GECRB account in Plaintiff's credit reports.

16. Experian was on notice that the GECRB account had been "included in Chapter 7 Bankruptcy on April 14, 2011."

5

17. Experian knew that Plaintiff did not file bankruptcy in 2011.

18. Nevertheless, Experian included the GECRB account in Plaintiff's credit reports.

19. Trans Union was on notice that the GECRB account had been "included in bankruptcy."

20. Trans Union knew that Plaintiff had not filed bankruptcy.

21. Nevertheless, Trans Union included the GECRB account in Plaintiff's credit reports.

22. In or around the first half of April 2013, Plaintiff disputed the GECRB account to Experian.

23. Experian notified GECRB of Plaintiff's early April 2013 dispute.

24. In the alternative, Experian failed to notify GECRB of Plaintiff's early April 2013 dispute.

25. Plaintiff received investigation results from Experian dated April 15, 2013.

26. Experian's April 15, 2013, investigation results indicated that GECRB account would continue to be included in Plaintiff's credit reports.

27. Plaintiff contacted the other Deborah Miller.

28. The other Deborah Miller confirmed that the GECRB account belonged to her.

29. On or around the beginning of May 2013, Plaintiff again disputed the GECRB account to Experian ("Plaintiff's next dispute to Experian").

30. Experian notified GECRB of Plaintiff's next dispute to Experian.

31. In the alternative, Experian failed to notify GECRB of Plaintiff's next dispute to Experian.

32. Plaintiff received investigation results from Experian dated May 22, 2013.

33. Experian's May 22, 2013, investigation results indicated that GECRB account would continue to be included in Plaintiff's credit reports.

34. Experian advised Plaintiff to address the matter with GECRB.

35. On or about June 3, 2013, Plaintiff addressed the matter with GECRB.

36. On or about September 9, 2013, GECRB told Plaintiff that the account had been rectified and that the credit reporting agencies had been informed that the account did not belong to Plaintiff.

37. On or about September 9, 2013, Experian informed Plaintiff that Experian was still including the GECRB account in Plaintiff's credit reports.

38. On or about September 13, 2013, Plaintiff sent a letter to Experian disputing the GECRB debt.

39. In her September 13, 2013, written dispute to Experian, Plaintiff notified Experian that the account had been rectified with GECRB.

40. Experian refused to investigate Plaintiff's September 13, 2013, dispute of the GECRB account.

41. In a letter dated April 20, 2013, Plaintiff disputed the GECRB account to Trans Union.

42. In her April 20, 2013, dispute to Trans Union, Plaintiff explained, "I did call the other Deborah Miller, spoke with her and she verified that this is her card and has been inadvertently placed on my records. If this helps your investigation in clearing up my record in any way or you have any questions, please feel free to give either her or myself a call."

43. In her April 20, 2013, dispute to Trans Union, Plaintiff included the other Ms. Miller's address and phone number, as well as her own.

44. Trans Union notified GECRB of Plaintiff's April 20, 2013, dispute.

45. In the alternative, Trans Union failed to notify GECRB of Plaintiff's April 20, 2013, dispute.

46. Plaintiff received investigation results from Trans Union dated May 2, 2013.

47. Trans Union's May 2, 2013, investigation results indicated that GECRB account would continue to be included in Plaintiff's credit reports.

48. Plaintiff received investigation results from Trans Union dated May 15, 2013.

49. Trans Union's May 15, 2013, investigation results indicated that GECRB account would continue to be included in Plaintiff's credit reports.

50. On or around May 22, 2013, Plaintiff again disputed the GECRB account to Trans Union.

51. Trans Union notified GECRB of Plaintiff's May 22, 2013, dispute.

52. In the alternative, Trans Union failed to notify GECRB of Plaintiff's May 22, 2013, dispute.

53. Plaintiff received investigation results from Trans Union dated June 8, 2013.

54. Trans Union's June 8, 2013, investigation results indicated that GECRB account would continue to be included in Plaintiff's credit reports.

55. On or about September 9, 2013, Trans Union informed Plaintiff that Trans Union was still including the GECRB account in Plaintiff's credit reports.

56. On or about September 13, 2013, Plaintiff sent a letter to Trans Union disputing the GECRB debt.

57. In her September 13, 2013, written dispute to Trans Union, Plaintiff notified Trans Union that the account had been rectified with GECRB.

58. Trans Union notified GECRB of Plaintiff's September 13, 2013, dispute.

59. In the alternative, Trans Union failed to notify GECRB of Plaintiff's September 13, 2013, dispute.

60. Plaintiff received investigation results from Trans Union dated September 26, 2013.

61. Trans Union's September 26, 2013, investigation results indicated that GECRB account would continue to be included in Plaintiff's credit reports.

62. Plaintiff received investigation results from Trans Union dated October 3, 2013.

63. Trans Union's October 3, 2013, investigation results indicated that GECRB account would continue to be included in Plaintiff's credit reports.

64. Trans Union's October 3, 2013, investigation results did not indicate that the GECRB account had ever been disputed.

65. Plaintiff disputed to various consumer reporting agencies the inaccurate reporting of the GECRB account multiple times, including without limitation the disputes specified herein.

66. Due to Defendants' respective failures to follow reasonable procedures and/or to conduct reasonable investigations of Plaintiff's disputes, the GECRB account was not appropriately kept off or deleted from Plaintiff's credit reports.

67. Equifax, Experian, and Trans Union each sold a credit report to American Express.

68. American Express denied Plaintiff's application for credit due at least in substantial part to the inaccurate GECRB account on Plaintiff's credit reports.

69. As a result of Defendants' actions and omissions, Plaintiff has suffered actual damages, including without limitation credit denials, out-of-pocket expenses, detriment to her credit rating, and emotional distress.

70. At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendants herein.

## TRIAL BY JURY

71. Plaintiff is entitled to and hereby requests a trial by jury.

## CAUSES OF ACTION

### COUNT I
### VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681e(b)
### EQUIFAX, EXPERIAN, AND TRANS UNION

72. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

73. Defendants Equifax, Experian, and Trans Union willfully and/or negligently violated 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's consumer reports.

74. As a result of Equifax's, Experian's, and Trans Union's violations of § 1681e(b), Plaintiff has suffered actual damages, including without limitation credit denials, out-of-pocket expenses, detriment to her credit rating, and emotional distress. Plaintiff is therefore entitled to recover actual damages pursuant to 15 U.S.C. §§ 1681n and 1681o.

75. Equifax's, Experian's, and Trans Union's actions and omissions were willful, rendering them liable for punitive damages and/or statutory damages pursuant to 15 U.S.C. § 1681n.

76. Plaintiff is entitled to recover costs and attorney's fees from Defendants Equifax, Experian, and Trans Union pursuant to 15 U.S.C. §§ 1681n and 1681o.

## COUNT II
## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681i
## EXPERIAN AND TRANS UNION

77. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

78. Defendants Experian and Trans Union willfully and/or negligently violated 15 U.S.C. § 1681i in multiple ways including without limitation by failing to conduct a reasonable reinvestigation of Plaintiff's dispute(s) and by failing thereafter to appropriately delete or modify information in Plaintiff's file.

79. As a result of Experian's and Trans Union's violations of § 1681i, Plaintiff has suffered actual damages, including without limitation credit denials, out-of-pocket expenses, detriment to her credit rating, and emotional distress. Plaintiff is therefore entitled to recover actual damages pursuant to 15 U.S.C. §§ 1681n and 1681o.

80. Experian's and Trans Union's actions and omissions were willful, rendering them liable for punitive damages and/or statutory damages pursuant to 15 U.S.C. § 1681n.

81. Plaintiff is entitled to recover costs and attorney's fees from Defendants Experian and Trans Union pursuant to 15 U.S.C. §§ 1681n and 1681o.

### COUNT III
### VIOLATIONS OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681s-2(b)
### GECRB

82. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

83. Defendant GECRB willfully and/or negligently violated 15 U.S.C. § 1681s-2(b) by failing to conduct reasonable investigations upon receiving notice of Plaintiff's dispute(s) from one or more consumer reporting agencies, and/or by failing to appropriately report the results of their investigations, and/or by failing to appropriately modify, delete, and/or block the information.

84. As a result of GECRB's violations of § 1681s-2(b), Plaintiff has suffered actual damages, including without limitation credit denials, out-of-pocket expenses, detriment to her credit rating, and emotional distress. Plaintiff is therefore entitled to recover actual damages under 15 U.S.C. §§ 1681n and 1681o.

85. GECRB's actions and omissions were willful, rendering it liable for punitive damages and/or statutory damages pursuant to 15 U.S.C. § 1681n.

86. Plaintiff is entitled to recover costs and attorney's fees from Defendant GECRB pursuant to 15 U.S.C. §§ 1681n and 1681o.

**WHEREFORE,**

Plaintiff prays that judgment be entered against these Defendants for:

 a.) Plaintiff's actual damages;

 b.) Punitive and/or statutory damages pursuant to 15 U.S.C. § 1681n;

 c.) Reasonable attorney's fees and costs pursuant to 15 U.S.C. §§ 1681n and/or 1681o;

 d.) Such other and further relief as may be just and proper.

Amount in excess of arbitration limits.

Respectfully submitted,

_____
Clayton S. Morrow, Esq.

**MORROW & ARTIM, PC**
Clayton S. Morrow, Esquire
PA I.D. 53521
304 Ross Street
Mitchell Building, 7th Floor
Pittsburgh, PA 15219
(412) 281-1250
Direct Line (412) 209-0656
clay@PaCreditCardLaw.com

Pro hac vice admission to be sought:

**GOOLSBY LAW OFFICE, LLC**
John H. Goolsby, Esquire
Minnesota Bar Number 0320201
2701 University Ave SE, Suite 209
Minneapolis, MN 55414
Phone (612) 331-8700
jgoolsby@goolsbylawoffice.com

FROM : DLMCGUIREDMD			FAX NO. :7244587425			Mar. 25 2014 10:33AM  P2

## VERIFICATION

I, Deborah A. Miller, state that I am the Plaintiff in this action and that the facts set forth in the foregoing pleading are true and correct to the best of my knowledge, information and belief. I understand that false statements herein are made subject to the penalties of 18 Pa C.S.A. Section 4904 relating to unsworn falsification to authorities.

_____
Deborah A. Miller

16

Morrow & Artim, P.C.
304 Ross Street, 7th Floor
Pittsburgh, PA 15219





7007 0220 0000 0561 6934

NON MACHINABLE

RETURN RECEIPT REQUESTED

Equifax Information Services LLC
1550 Peachtree Street, NW
Atlanta, GA 30309

MAILED FROM ZIP CODE 15695

EFX ORIGINAL DOCUMENT 3  04\03\2014  00039826 003 0044

EFX ORIGINAL DOCUMENT 3 04/03/2014 00039826 003 0044

 

Date Received: 04/01/2014 11:03 AM

HAQ, MAHBUBUL

66N - 1W3.1

Other

Northpark          Routing #:IOFF35662